FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANA HERRON AND VALERIE HERRON, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC., a Delaware Corporation,<br><br>Defendant. | No. 4:24-CV-05084-RLP<br><br>ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING |

Before the Court is Defendant Polaris Industries, Inc.'s Motion for Relief from Order Regarding Unsealing. ECF No. 69. The Motion was considered without oral argument. For the reasons discussed below, the Court grants the motion.

BACKGROUND

Plaintiffs Dana and Valerie Herron contend their Polaris Ranger 1000 vehicle manufactured by Defendant Polaris Industries, Inc. had a defective throttle

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 1

pedal, causing it to crash and for Mr. Herron to sustain significant injuries. ECF No. 13. Polaris alleges its throttle pedals are manufactured by a third party over which it has no control, Williams Controls. ECF No. 35 at 2.

The parties filed a stipulated protective order on February 18, 2026. ECF No. 19. The Court denied the order, directing the parties that if they wished to file specific confidential documents and protect them from public access, the Court would entertain a motion to seal. ECF No. 20.

On April 1, 2026, the Herrons filed a Motion to Seal. ECF No. 59. Filed under seal were their Motion for Partial Summary Judgment, ECF No. 60-1, along with a declaration of counsel (Joel Comfort) and exhibits in support of the motion for summary judgment. ECF No. 60-2. In their Motion to Seal, the Herrons indicated they opposed sealing the motion and documents, but filed them under seal to provide Polaris a chance to review and state its position to the Court. ECF No. 59 at 2-3.

Polaris filed under seal its response to the Motion for Partial Summary Judgment and supporting documents, including a declaration of counsel (Lea Schneider), on April 22, 2026. ECF No. 62. The response did not discuss the Motion to Seal. *Id*. As Polaris did not file anything supporting sealing the motion and documents, the Court issued an order directing Polaris to brief this issue. ECF No. 63. The Court imposed a deadline of May 1, 2026, or it would order the

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 2

documents to be re-filed on the public docket. *Id*. Polaris failed to file any briefing by May 1, and on May 4 the Court entered an order directing the Clerk's Office to refile the documents on the public docket. ECF No. 66, *see also* ECF Nos. 67 and 68 (motion and response on public docket).

Polaris now moves for relief from the order unsealing the documents. ECF No. 69. Polaris's counsel Clifford Davidson explains there was a miscommunication between him and his co-counsel Lea Schnieder concerning whether further steps were required to file documents and keep them under seal. ECF No. 70, ¶¶3-5. Mr. Davidson further explains he was traveling prior to the May 1 deadline. *Id*. Polaris's other counsel of record, Hyongsoon Kim, explains that he was away from the office for several days when the Court entered its order, and missed the email with the Court's order. ECF No. 71, ¶¶4-5. He further explains his staff failed to catch the email and calendar it due to an unusually large number of other filings that day. *Id*., ¶6.

MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING

Polaris asks the Court to undo its previous order unsealing the Motion for Partial Summary Judgment and response under FRCP 60(b). Polaris contends its actions were excusable neglect justifying relief from the order.

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 3

FRCP 60(b)(1) and (6) provide that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief.

The Supreme Court held in *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership* that "excusable neglect" covers negligence on the part of counsel. It then said that the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party; and (4) whether the party acted in good faith. *See Pioneer*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993). The factors recited in *Pioneer* are not exclusive, but they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). Under *Pioneer*, the correct approach is to avoid any *per se* rule. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (*en banc*). The Ninth Circuit leaves the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case. *Id.*

The Supreme Court also observed that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.

Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 4

freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Pioneer*, 507 U.S. at 397 (internal quotation marks omitted).

Polaris demonstrates excusable neglect. There is no danger of prejudice to the opposing party, as the Herrons will have access to the filings regardless. There is no delay entailed by this motion – only wasted judicial resources on resolving this motion as a consequence of Polaris's negligence. Nevertheless, Polaris acted in good faith, moving quickly to remedy its mistake as soon as it came to counsel's attention by filing the instant motion within 24 hours.

The reason for Polaris's mistake weighs against granting its motion. Polaris has four attorneys, two of whom calendared the deadline and yet failed to respond. *See Hoot v. United States*, 2023 WL 2838107, at *2 (E.D. Wash. Apr. 7, 2023) (no excusable neglect where deadline was calendared and counsel failed to timely respond). The error was wholly within Polaris's control.

Furthermore, the Court had to go out of its way to direct Polaris to file briefing on the Motion to Seal in a special order, after Polaris initially failed to respond to the motion. This is not the first time the Court has had to remind Polaris that it must demonstrate a basis to file documents under seal. In an earlier discovery dispute in this matter, the Court also had to direct Polaris to respond to a Motion to Seal and justify filing discovery materials it considered confidential

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 5

under seal. ECF No. 39 at 13. This makes Polaris's instant failure to timely file briefing in support of sealing even more frustrating to the Court.

Nevertheless, on the balance of the equities the Court finds the minimal delay or prejudice that will result from granting the motion means Polaris's neglect is excusable. The Motion for Relief From Order is granted.

## MOTION TO SEAL

Polaris asks the Court to re-seal the Motion for Partial Summary Judgment, its response, and each brief's supporting documents. Polaris attaches redacted copies of the briefs it proposes to be filed for the public docket.

When discovery materials filed are with the Court they become judicial records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). As such, they generally must be filed in a way that allows for public access. But this general rule is not absolute. When materials are filed in connection to a dispositive motion, they may be sealed upon a showing of compelling circumstances. *Id*. at 1135-38.

Polaris contends the lower "good cause" standard for sealing applies, as the records at issue are only tangentially relate to the underlying cause of action. Polaris misunderstands the relevant case law. The relevant inquiry is not whether specific records are tangentially related to the underlying cause of action, but whether the motion itself is tangentially related to the merits of the case. *Ctr. for*

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 6

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The Herrons' Motion for Partial Summary Judgment indisputably concerns the merits of their case. Therefore, the higher compelling reasons standard applies.

District courts have discretion to determine whether a party has demonstrated a compelling reason to seal. *Id*. at 1097. The release of business information that might harm a litigant's competitive standing is a compelling reason to seal a record. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). This may include "records containing "information about proprietary business operations, a company's business model or agreements with clients," *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011), "internal policies and strategies," *Melaleuca Inc. v. Bartholomew*, at *3 (D. Idaho Nov. 27, 2012), and "manufacturing information," *Biovail Labs., Inc. v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1083 (C.D. Cal. 2006).

The Court finds Polaris has demonstrated compelling reasons to seal and redact filings related to the Motion for Partial Summary Judgment. Exhibits F through I of the Comfort Declaration consist of presentation slides from Polaris's investigation into the stuck throttle pedal issue on the Ranger 1000. ECF No. 60-2 at 66-127. Exhibit O consists of a demand letter sent from Polaris to Williams Controls relating to manufacturing issues on the throttle pedal. ECF No. 60-2 at

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 7

162-69. The letter includes various exhibits and technical details. *Id*. Exhibit P appears to consist of additional presentation slides related to a recall of Polaris Rangers. ECF No. 60-2 at 171-82. Exhibit 5 to the Schneider Declaration consists of pages of deposition transcript from Williams Controls' Rule 30(b)(6) designee, where the designee discusses the investigation into the struck throttle pedal issue and technical details of Williams Controls' products. ECF No. 62-3 at 98-126.

As Polaris contends, these records contain confidential business information which could harm it and Williams Controls should they remain available on the public docket. The Court finds this to be a compelling reason to seal the records and redact portions of the briefing which reference these records.

**Accordingly, IT IS ORDERED:**

1. Defendant Polaris Industries, Inc.'s Motion for Relief from Order Regarding Unsealing, **ECF No. 69,** is **GRANTED**.

2. The Clerk's Office is directed to **SEAL** the Motion for Partial Summary Judgment, **ECF No. 67**, and Defendant Polaris's Response, **ECF No. 68**.

3. Polaris is directed to file the redacted briefs attached to its motion, ECF No. 69-1, for the public docket.

4. If Polaris believes any portion of the Herrons' Reply in Support of Motion for Partial Summary Judgment, ECF No. 73, or supporting documents, ECF Nos. 74, 75, should be sealed or redacted, it is directed to file a brief in

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 8

support of sealing on or before May 15, 2026. The Herrons may file a brief in opposition to sealing within seven days of Polaris's filing.

5.      Pending briefing, the Clerk's Office is directed to **SEAL** Plaintiffs' Reply, **ECF No. 73**, Plaintiffs' Reply Statement of Facts, **ECF No. 74**, and the Supplemental Declaration of Comfort, **ECF No. 75**. Should Polaris fail to file briefing by May 15, 2026, the Court will order these documents to be re-filed on the public docket.

**IT IS SO ORDERED.** The Court Clerk is directed to enter this Order and provide copies to counsel.

DATED May 8, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR RELIEF FROM ORDER REGARDING UNSEALING * 9